## Marberry, *et al. v.* The State.

### *Assault and Battery.*

(Decided January 16, 1913. 60 South. 949.)

1. *Criminal Law; Venue; Sufficiency of Evidence.*—Where it can be gathered from the evidence of several witnesses that the offense was committed at a certain place within a few miles of the courthouse where the trial was had, there was sufficient evidence of venue to submit that question to the jury.

2. *Same; Jeopardy.*—A justice of the peace has no final jurisdiction of an assault and battery where weapons are used, (Section 6733, Code 1907), and hence, the committment of the defendant by the justice of the peace under a charge of assault and battery with a weapon to await the action of the grand jury does not constitute jeopardy.

APPEAL from Coosa Circuit Court.

Heard before Hon. HUGH B. MERRILL.

Willis Marberry and others were convicted of assault and battery and they appeal. Affirmed.

RIDDLE, ELLIS, RIDDLE & PRUITT, for appellant. The jurisdiction of the court at Goodwater is territorially limited to precincts 3, 4, 5 and 12.—Acts 1907, p. 216.

Hence, there was no sufficient proof of venue.—*Pearson v. The State,* 59 South. 526; *Thompkins v. The State,* 1 Ala. App. 258. Having committed the defendants where he had final jurisdiction, the justice put them in jeopardy.—*Ex parte Pruitt,* 99 Ala. 225.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The justice of the peace was without final jurisdiction, and hence, a commitment was proper, and did not put the defendants in jeopardy.—Sec. 6733, Code 1907; *Ex parte Robinson,* 108 Ala. 161; *Gunter v. The State,* 83 Ala. 96. The evidence was sufficient to carry the question of venue to the jury.—*Pearson v. The State,* 59 South. 526; *Tidwell v. The State,* 70 Ala. 33.

THOMAS, J.—The defendants were indicted and convicted in the circuit court of Coosa county, sitting at Goodwater. The county seat of that county is Rockford, where under the law all the terms of said court had been held, until the act of the Legislature of 1907, which provided that two terms a year of said court should be also held at Goodwater in said county for the trial of those causes, civil and criminal, within its jurisdiction, arising in beats 3, 4, 5, and 12 of said county. —Local Acts 1907, pp. 216, 735.

At the conclusion of the evidence in the present case the general affirmative charge was requested by the defendants upon the theory that the state did not prove the venue—that is, that it failed to prove that the offense was committed in either of the precincts named of said county. The record affirmatively shows without dispute, putting together, as we do, the testimony of several of the witnesses therein found, that the offense was committed in Coosa county at Hatchett Springs at

the baseball grounds about four miles from Goodwater —the place where the courthouse was situated in which the trial was being conducted. Facts practically identical with these were under review in the case of *Pearson v. State*, 5 Ala. App. 68, 59 South. 526, where it was held that the affirmative charge was properly refused. Following that authority, we so hold in the present case.

The defendants, being indicted for an assault and battery on Temus Carmichael, filed a plea of former jeopardy, attaching to and making a part of the plea a copy of an affidavit and warrant issued thereon by a justice of the peace, charging the defendants with assault and battery with sticks and rocks on Temus Carmichael, together with a copy of the judgment of said justice upon trial of said charge, binding the defendants over on said charge, under bail fixed, to await the action of the grand jury. There was a demurrer to the plea upon the ground that it failed to aver a state of facts which would constitute former jeopardy, but averred a state of facts which showed on its face that the proceeding before the justice of the peace was only a preliminary hearing of a charge—assault and battery with a weapon —of which he had no final jurisdiction. The demurrers were sustained—rightfully so, too clearly, we think, to need discussion. A justice of the peace has no final jurisdiction of assault and battery where a stick or other weapon is used.—Code, § 6733. Hence the proceedings before him alleged in the plea did not amount to jeopardy.—*Horton v. State,* 80 Ala. 8; *Gunter v. State,* 83 Ala. 96, 3 South. 600; *Ex parte Robinson,* 108 Ala. 161, 18 South. 729.

We find no error in the record, and the case is affirmed.

Affirmed.