(87 South. 621)

### FOX v. STATE. (7 Div. 660.)

(Court of Appeals of Alabama. June 15, 1920. Rehearing Denied June 29, 1920.)

1. LARCENY ☞12—SECRECY IN TAKING NOT AN ELEMENT OF "LARCENY."

Secrecy in the taking is not a necessary ingredient of larceny, which is defined as the fraudulent or wrongful taking and carrying away by any person of the personal goods of another from any place with felonious intent to convert them to his own use, and making them his own property without the consent of the owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny.]

2. LARCENY ☞15(1)—CONVERSION OF RIGHTFUL INTO WRONGFUL POSSESSION WITH FELONIOUS INTENT IS "LARCENY."

Where accused came into possession of an automobile with consent of the owner for the sole purpose of trying it out for a specified time, and changed the character of the possession, having at the time a felonious intent, or after returning the car took it away again with the felonious intent, he would be guilty of larceny in either case.

3. WITNESSES ☞287(4)—ON REDIRECT, STATE CAN BRING OUT REST OF CONVERSATION BROUGHT OUT ON CROSS-EXAMINATION.

Where the defendant on cross-examination of the prosecuting witness had brought out part of a conversation between witness and another, the state can, on redirect examination, bring out the entire conversation.

4. CRIMINAL LAW ☞396(2) — STATE CAN BRING OUT ENTIRE CONVERSATION, OF WHICH DEFENDANT RELATED PART.

Where accused testified to a part of a conversation between himself and the prosecuting witness, the state can bring out anything else said in the same conversation.

5. COURTS ☞91(1) — APPELLATE COURT IS BOUND BY LAST EXPRESSION OF SUPREME COURT.

The Court of Appeals is bound by the latest ruling of the Supreme Court that a requested charge, directing acquittal if there was a probability of defendant's innocence, was erroneous, because the probability was not required to be reasonable, and was not predicated on the evidence, though such decision did not expressly overrule a long line of previous decisions that the refusal of such requested charge was reversible error.

6. CRIMINAL LAW ☞308, 778(4)—DEFENDANT PRESUMED INNOCENT—CHARGE HELD PROPERLY REFUSED AS INVOLVED.

A requested charge that the presumption of innocence is part of the evidence in this case, and "remains with the defendant until the state had shown by the testimony beyond all reasonable doubt of his guilt as averred in the indictment, before you would be authorized to render a verdict of guilt against him," was properly refused, as involved, though it is the law that the presumption is an evidentiary fact which remains with the defendant until the state has shown his guilt beyond reasonable doubt..

7. CRIMINAL LAW ☞815(5) — REQUESTED CHARGES, WHICH FAILED TO FIX TIME OF CONTRACT RELIED ON AS DEFENSE, PROPERLY REFUSED.

In prosecution for larceny, where the defense was a special contract for the purchase of the property, requested charges directing acquittal if the jury found prosecuting witness contracted to sell the car to defendant, were properly refused, where they failed to fix time at which the contract was made.

8. CRIMINAL LAW ☞829(1) — REQUESTED CHARGES COVERED BY GIVEN CHARGES AND ORAL CHARGE CAN BE REFUSED.

It was not reversible error for the judge to refuse charges requested by accused which were covered by the given charges and by the oral charge of the court.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Clifford Fox was convicted of larceny and he appealed. Affirmed.

For statement of facts see 87 South. 623.

The following charges were refused to the defendant:

(4) I charge you that, if under the evidence Williams contracted to sell the Ford car to the defendant, you must acquit the defendant.

(7) Unless the state has satisfied you, beyond all reasonable doubt, that Mr. Williams did not sell the car to the defendant, then you need go no further, but should return a verdict for the defendant.

(6) If Clifford Fox obtained the Ford car under an agreement of purchase from A. J. Williams, then you must find the defendant not guilty.

(9) The presumption of innocence which the law places around the defendant is part of the evidence in this case, and this presumption remains with the defendant until the state has shown by the testimony beyond all reasonable doubt of his guilt, as averred in the indictment, before you would be authorized to render a verdict of guilt against him.

The defendant was found guilty by a jury on an indictment charging grand larceny, and was sentenced by the court to a term of one year and one day at hard labor for the county, and an additional term to pay the costs of the proceeding, and from the judgment he appeals.

P. E. Culli, of Gadsden, for appellant.

The court improperly instructed the jury as to the law of larceny. 17 R. C. L. §§ 12, 27, 28; 70 Ala. 8, 45 Am. Rep. 67; 85 Ala. 17, 4 South. 691, 7 Am. St. Rep. 21; 86 Ala. 250, 5 South. 461, 11 Am. St. Rep. 37; 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65; 130 Ala. 60, 30 South. 396. The court should have charged that, if there was a probability of the defendant's innocence, the jury should

not find him guilty, 175 Ala. 11, 57 South. 591; 150 Ala. 19, 43 South. 219; 106 Ala. 30, 17 South. 456; 120 Ala. 360, 25 South. 236; 96 Ala. 3, 11 South. 128.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

SAMFORD, J. [1] The defendant was indicted for the larceny of an automobile, which the state contended was feloniously taken from A. J. Williams, while the defendant, admitting the taking, insisted that the taking was without felonious intent.

"The most approved definition of larceny at common law is given by Mr. East, in his Crown Laws: 'The fraudulent or wrongful taking and carrying away by any person of the mere personal goods of another, from any place, with a felonious intent to convert them to his own use, and make them his own property, without the consent of the owner." 2 East, 524; 3 Greenl. Ev. § 150; Holly v. State, 54 Ala. 238.

Secrecy in the taking is not a necessary ingredient of larceny. Carl v. State, 125 Ala. 89, 28 South. 505.

[2] If the defendant came into possession of the car with the consent of Williams, for the sole purpose of trying it out for a specified time, and the defendant changed the character of the possession, having at the time the felonious intent, it would be larceny; or, if after the car had been delivered by Williams to defendant for the purpose of trying it out, the defendant carried the car back and delivered it at Williams' garage, and afterwards took the car and carried it away, having at the time the animus furandi, or, as the civil law expresses it, lucri causa, he would be guilty of larceny. In each of these cases the legal possession remained in Williams, and if the defendant, having the bare custody of the car, diverted the car from the purpose for which the owner had turned it over to him, it was a trespass, and if done with the felonious intent, it was larceny. Holbrook v. State, 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65.

The various excerpts from the court's oral charge, when considered with the whole charge, are in line with the foregoing, and are without error.

[3] The defendant, on cross-examination of Williams, had brought out a part of the conversation between Williams and Hopkins, and on redirect examination the state was allowed to bring out the entire conversation. This was not error.

[4] The defendant having testified to a part of a conversation had between himself and Williams at the power plant, the state was properly allowed to bring out anything else said in the same conversation.

[5] The court refused to give at the request of the defendant in writing the following charge:

"If there is a probability of the defendant's innocence, then you should find him not guilty."

The refusal to give this charge is held to be reversible error in the following cases: Adams v. State, 175 Ala. 11, 57 South. 591; Fleming v. State, 150 Ala. 19, 43 South. 219; Bones v. State, 117 Ala. 138, 23 South. 138; Whitaker v. State, 106 Ala. 30, 17 South. 456; Croft v. State, 95 Ala. 3, 10 South. 517; Bain v. State, 74 Ala. 38; Shaw v. State, 125 Ala. 80, 28 South. 390; Henderson v. State, 120 Ala. 360, 25 South. 236; Prince v. State, 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; Nordan v. State, 143 Ala. 13, 39 South. 406.

This charge may be differentiated from charge G, in McClain v. State, 182 Ala. 74, 62 South. 241, where the court held to be a bad charge, the following:

"If the jury believe after a consideration of the evidence or any part thereof, that there is a probability of defendant's innocence, then they should acquit him,"

—for the reason that the court in the McClain Case predicated upon a part of the evidence, while the charge in the instant case has no such limitations.

But in Buckhanon v. State, 12 Ala. App. 56, 67 South. 718, the identical charge was held to be bad because it failed to qualify probability by the word reasonable, and in Davis v. State, 188 Ala. 59, 66 South. 67, Sayre, J., held the charge to be bad because it did not predicate the probability of innocence as arising out of the evidence. The opinion in the Davis Case does not in express terms overrule the long line of decisions to the contrary, but we are bound by the last utterance of the Supreme Court, and hence must hold that the charge was properly refused.

[6] It is the law that the presumption of innocence is an evidentiary fact, and is a presumption which remains with the defendant until the state has shown by the testimony, beyond a reasonable doubt, that the defendant is guilty as charged, but charge 9 as framed is involved, and as requested was properly refused.

[7] Charge 4 as requested fails to fix the time at which the contract of sale was made.

Charge 6 ignores the principle set out in the foregoing opinion, and was therefore bad.

Charge 7 fails to fix the time of sale that would be necessary to acquit the defendant of crime.

There was no variance between the allegations and proof, and hence the charges, including the affirmative charge predicated upon this fact, were properly refused.

[8] Charge 11 is covered by given charge 4 and the oral charge of the court. Charge 12 is covered by given charges 1, 3, and 4.

Charge 15 relates to the second count of the indictment, which was withdrawn.

Charges 13, 14, 16, and 17 were all fully covered by other given charges, and by the oral charge of the court.

There is no error in the record, and the judgment is affirmed.

Affirmed.