(93 South. 45)

## BLAIR v. STATE. (7 Div. 807.)

(Court of Appeals of Alabama. June 13, 1922. Rehearing Denied June 30, 1922.)

1. **Intoxicating liquors** ⊙═▷236(19)—**Evidence sufficient to support conviction.**

Evidence on a trial for violating the prohibition law by keeping a still *held* sufficient to make a question for the jury, and support a verdict of guilty.

2. **Criminal law** ⊙═▷561(1)—**Jury must be satisfied of guilt beyond reasonable doubt.**

In all criminal cases, the jury, after a consideration of all the evidence, must be convinced beyond a reasonable doubt of accused's guilt, before a verdict of guilty is authorized.

3. **Criminal law** ⊙═▷552(3)—**Conviction may rest on circumstantial evidence, if deemed sufficient by jury.**

In all criminal cases, the jury may look to all the attending facts and circumstances, and a conviction may be had upon circumstantial evidence, if the circumstances in the opinion of the jury establish defendant's guilt beyond a reasonable doubt.

On Rehearing.

4. **Criminal law** ⊙═▷814(17)—**Instruction that evidence was circumstantial, etc., held abstract and misleading.**

Where, on a trial for violating the prohibition law, there was positive direct testimony to sustain some of the material averments, instruction that the evidence was circumstantial, and that, if defendant's conduct had been satisfactorily explained and was inconsistent with guilt, he should be found not guilty, was abstract and misleading, and properly refused.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Jim Blair was convicted of violating the prohibition law, and he appeals.    Affirmed.

Charge 4, requested by the defendant, is as follows:

The evidence in this case is circumstantial, and if defendant's conduct as it has arisen in the case has been explained satisfactorily, and said conduct is inconsistent with his guilt, then you will find him not guilty.

C. B. Clegg, of Wedawee, and Walter S. Smith, of Lineville, for appellant.

Charge 4 should have been given.    140 Tenn. 205, 203 S. W. 955; 16 C. J. 1008; 99 Ala. 154, 13 South. 536; 140 Ala. 65, 37 South. 233.   The other charges should have been given.   8 R. C. L. 225; (Iowa) 91 N. W. 801; 10 Utah, 228, 37 Pac. 336; 86 South. 715.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.   [1] This defendant was seen at a still in which whisky was at the time being made.   There were three other men at the still with him at the time the officers appeared, and all of them ran as soon as they discovered the officers approaching.   One of the state's witnesses, a fast runner, pursued this defendant and captured him, and at that time, as the testimony tends to show, he had beer marks and slop on his clothes, and "his hands were nasty and smutty."   The defendant's home was near by, and there was some testimony that his was the closest house to the still.   The defendant denied that he was interested in the still, and also that he was assisting in its operation.   He admitted his presence at the still at the time in question, and also admitted that he drank beer out of a bucket while there.   We are of the opinion that these facts presented a question for the determination of the jury.

[2, 3] The rule of evidence in all criminal cases is that the jury, after a consideration of all the evidence, must be convinced beyond a reasonable doubt of the guilt of the accused, before they would be authorized to return a verdict of guilty.   But in the consideration of a case of this character—in fact, in all criminal cases—the jury may look to all the attendant facts and circumstances adduced upon the trial, and, as in other criminal cases, a conviction may be had upon circumstantial evidence in a case of this character, if the circumstances in evidence, in the opinion of the jury, meet the required rule of evidence above referred to.   In the instant case the undisputed evidence tended to show the presence of the defendant at the still where whisky was being made; also "large quantities of beer, which was alcoholic

in the highest stage, and intoxicating," as testified to by the sheriff.   This, coupled with the attempted flight of the defendant at the approach of the officers, his smutty, nasty hands, and beer spots on his clothes, constitutes in our opinion sufficient incriminating facts to authorize the court in submitting the question of the guilt or innocence of the accused to the jury, and, if believed by them, was amply sufficient upon which to predicate a verdict of guilty.

There is no merit in the exception to the rulings of the court upon the testimony, nor to the action of the court in overruling the objection interposed to the argument of the solicitor, as there was nothing in any of these rulings which could injuriously affect the substantial rights of the defendant.

The court properly refused each of the special charges requested by defendant.   As before stated, the facts in this case presented a question for the jury.

No error appearing, the judgment of the circuit court is affirmed.

Affirmed.

### On Rehearing.

[4] The evidence adduced upon the trial of this defendant in the court below was not wholly circumstantial, and the opinion in this case does not so hold, as contended by counsel for appellant on application for rehearing.   There was positive direct testimony to sustain some of the material averments of the indictment; therefore charge 4 was abstract and misleading, and properly refused.

Application overruled.