143 So. 586

## SWEENEY v. STATE.

### 7 Div. 875.

Court of Appeals of Alabama.
June 21, 1932.

Rehearing Denied June 30, 1932.

Riddle & Riddle, of Talladega, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The defendant was the trusted employee of Talladega Hardware Company, a partnership, etc., and as such had the custody of a stock of gun shells and building material belonging to the partnership. The shells were locked in a separate room from the general stock carried in the warehouse, and this defendant and the partners were the only ones who had a key to this room. The shells were in cases of 500 each, and each case had a value of $20. Upon a check of the stock of shells, 19 cases were gone. One case of the shells was traced through the drayman (Mose) to a man named Fuller. Mose testified that upon instruction from defendant he delivered the shells to Fuller, collecting from him $9 which he gave to defendant. Other shells were shown to have been disposed of by defendant to other parties, at prices greatly disproportionate to their real value. It was also shown that defendant had sold to another party some doors and windows from the warehouse and that the doors and windows were the property of the Talladega Warehouse Company. It was shown by the evidence that the defendant was the custodian of the warehouse and its contents and that deliveries from the warehouse were only to be made on orders from the office, which was located in a different part of the city. It was also shown by the evidence that the shells and doors and windows above referred to were not delivered or disposed of by an order or authority of the owner.

The defendant invokes the protection of the statute, Code 1923, § 5635, which is that a conviction for a felony cannot be had on the uncorroborated testimony of an accomplice. He further contends that the drayman, Mose, was such accomplice and that his testimony was not corroborated.

Before the prohibition contained in the above section of the Code can be invoked in favor of a defendant, it must clearly appear that the witness giving such testimony is an accomplice, and the fact that such witness is also indicted for the same offense does not per se raise a presumption against the state that he is an accomplice. Moore v. State, 15 Ala. App. 152, 72 So. 596; Horn v. State, 15 Ala. App. 213, 72 So. 768.

Where there is doubt whether a witness is in fact an accomplice, and the testimony is susceptible of different inferences on that point, that question is for the jury and not for the court. Horn v. State, 15 Ala. App. 213, 72 So. 768. In this case the facts as testified to by the witness made the question of whether the witness Mose was an accomplice one of fact for the jury and the court so instructed them.

Moreover, there was evidence tending to corroborate Mose, even if he was found to be an accomplice. While the corroboration must tend to connect the defendant with the commission of the offense, it need not refer to any statement or fact testified to by the accomplice. Malachi v. State, 89 Ala. 134, 8 So. 104.

It is next contended by appellant that the defendant cannot be convicted for larceny because, being in possession of the property, there could be no felonious taking and that if a crime was committed it was embezzlement and not larceny. The fault of the contention lies in the fact that the evidence in this case conclusively shows that the defendant was a bare custodian of the property and when he fraudulently disposed of such property all of the elements of larceny could be inferred by the jury. King v. State, 15 Ala. App. 67, 72 So. 552; Fox v. State, 17 Ala. App. 559, 87 So. 621; Id., 205 Ala. 74, 87 So. 623.

Appellant insists that the court erred in admitting testimony of other acts of defendant, which of themselves constituted similar but separate and distinct crimes. As a general rule this contention would be good, but there is exception to this rule, well recognized by all of our decisions. Such evidence is admissible to show intent, to establish identity, to make out the res gestæ, or to make out a chain of circumstantial evidence of guilt in respect to the act charged. The evidence tending to show that this defendant had taken and disposed of other shells and property committed to his custody and without accounting to his employer was admissible on the question of intent. Jackson v. State, 18 Ala. App. 259, 89 So. 892; Gardner v. State, 17 Ala. App. 589, 87 So. 885; Dennison v. State, 17 Ala. App. 674, 88 So. 211; Stanley v. State, 88 Ala. 154, 7 So. 273.

Rulings of the court on the admission of evidence were free from error.

The judgment is affirmed.

Affirmed.