[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 873 
The appellant was indicted for the first degree murder of Lawrence William Hicks, Jr. A jury found him guilty of murder in the second degree and punishment was set at thirty years' imprisonment.
The major issue presented on appeal is the sufficiency of the evidence to support the conviction. There was no eyewitness to the murder; all the evidence is circumstantial.
The State's key witness and the only witness, other than the appellant, to relate any of the facts leading up to the murder was Edward Katon, who had also been charged with the murder of Hicks. Katon testified that he, the appellant, Chester Mercer, and Hicks had been together drinking and driving around in the appellant's car all day on Saturday, April 16, 1977. They left Birmingham, Alabama, that morning headed to Atlanta, Georgia, to find work. The appellant was driving and Hicks was seated on the front passenger's side.
Throughout the day the appellant and Hicks had been arguing and having "a big ruckus or fight". The appellant had "backhanded" Hicks and they had been fighting in the car. During the day the four men had been drinking substantial amounts of beer, wine and whiskey. They shoplifted food items from different stores and "tapped the till" at another.
The appellant and Hicks were arguing because Hicks wanted to break off his homosexual relationship with the appellant and leave; he felt like the appellant was "living off him". Hicks wanted "them to separate". "They had been living together for about three or four months." The appellant "was tired because Hicks hadn't slept with him". "Hicks was real upset about . . . (the appellant) cursing him."
Sometime after 9:00 P.M. on that Saturday the appellant, who was driving, started to weave off the road. Katon took over driving and managed to back into another car and then "broadsided" (wrecked) the appellant's car in going around a curve. After this second accident, the appellant resumed driving. Hicks was again sitting in the front passenger's seat. Mercer and Katon were seated in the back seat.
Around 10:00 P.M. Mercer was "too drunk" and had passed out. "Hicks was hysterical, and started arguing, and then Cumbo (the appellant) took a slap at him." Katon had been drinking and had passed out or gone to sleep. Katon testified that the next thing he recalled after seeing the appellant slap Hicks was the appellant waking him and saying, "Open the door". The car was stopped but Katon did not know their location. The passenger's door was partly open and Katon "just reached up, grabbed the outside door and the door swung open". He heard the appellant and knew that Mercer was in the car but did not recall seeing Hicks. Katon just unlatched the door and it swung open and then he went back to sleep. He did not hear, see, or remember anyone getting out.
The next thing Katon remembered was the appellant again waking him and saying, "Come on out and help push the car" which was stuck in someone's yard. Katon tried to back the car up and the next thing he knew a policeman was there. Hicks was not present.
The appellant's car was parked on the yard of Joe Conners who lived off Highway 78 East in Heflin, Alabama. Shortly after midnight on the morning of April 18, the Heflin Police arrested the appellant, Mercer, and Katon for public intoxication. Hicks was not present. No weapon or knife was found. *Page 874 
After placing the appellant under arrest, the officers noticed an extreme amount of blood on his shirt. At some point after the arrest an officer examined the appellant's nose to determine if it had been bleeding but found no clotted blood. The car had a stolen tag on it and blood was found on the center of the front seat and on the right front door. Hicks' wallet was on the dashboard. A wallet belonging to the appellant contained Hicks' identification card.
Upon arrest Katon told the officers his name was William H. Allen. Blood was found under the fingernails of his left hand.
After finding the blood in the appellant's automobile, the police began questioning the three men the next morning. They "found out the story . . . (they) were given at the time just didn't add up". "They had identifications they shouldn't have had."
Hicks' body was discovered Monday, April 18, 1977, between 11:00 A.M. and 1:00 P.M. It was found twenty to twenty-five feet down an embankment off the side of Highway 46, two and one-half to three miles from the Cleburne County Courthouse. The body appeared to have been lying there for some time. The face was covered with blood. The cause of death was asphyxia resulting from manual strangulation. There were an equal distribution of abrasions on the sides of the face and head. There were no stab wounds or cuts on the body.
In his defense, the appellant testified that Hicks was a homosexual but that they had never had relations though he saw Hicks and Katon having a relationship on the Saturday they left Birmingham. He denied ever hitting or slapping Hicks but testified that Katon did. He stated that he got the blood on his shirt when Hicks leaned up against him in the car after Katon had hit him.
The appellant testified that he left Birmingham for Atlanta by himself and picked up Katon and Mercer when he saw them hitchhiking. He let Katon drive so he could sleep and when he awoke Hicks was in the car. Katon and Hicks were arguing and Katon hit him and grabbed his hair. Katon told the appellant to stop the car and helped Hicks out. They were gone a few minutes and then Katon alone got back in the car. The appellant knew that Katon had a knife and the testimony is not clear as to whether Katon had the knife in his hand when he returned to the automobile. This was the last time the appellant saw Hicks.
The appellant admitted that it was Hicks' blood on his shirt although on arrest he told the officers that the blood was from a nosebleed he had had and did not mention Hicks. On direct examination the appellant specifically denied ever having seen Hicks before approximately the second week in April (the day after Easter Sunday) when the appellant was in Birmingham. However, on cross examination, the appellant admitted having known Hicks even before he came to Birmingham, when they were together in Tennessee.
 I
In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v.Black, 497 F.2d 1039 (5th Cir. 1974); United States v.McGlamory, 441 F.2d 130 (5th Cir. 1971); Clark v. UnitedStates, 293 F.2d 445 (5th Cir. 1961).
 "(W)e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir. 1969); Roberts v. United States, 416 F.2d 1216 (5th Cir. 1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir. 1967): *Page 875 
 "Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt. Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. In Judge Thornberry's words,
 `* * * the standard utilized by this Court is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the jury
might reasonably so conclude.' Williamson v. United States, 5th Cir., 1966, 365 F.2d 12, 14. (Emphasis supplied)
 "The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is so examine the welter of evidence to determine if there exists any reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged." McGlamory, 441 F.2d at 135 and 136.
See also Blair v. State, 18 Ala. App. 615, 93 So. 45 (1922). Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant's guilt is a question for the jury and not the court. Cannon v. State,17 Ala. App. 82, 81 So. 860 (1919); see also Evans v. State,39 Ala. App. 404, 408, 103 So.2d 40, cert. denied, 267 Ala. 695,103 So.2d 44 (1958).
Circumstantial evidence may afford satisfactory proof of the corpus delicti in a murder prosecution, and, if facts are presented from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury. Hopson v. State, 352 So.2d 500, 502 (Ala.Cr.App.), affirmed, 352 So.2d 506 (Ala. 1976). However circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence.
 "The humane provisions of the law are, that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires." Ex parte Acree, 63 Ala. 234 (1879).
Guilt is not established by circumstantial evidence unless the facts relied on are such that it is the only conclusion fairly to be drawn from them. Fuquay v. State, 22 Ala. App. 243,114 So. 892 (1927). If all the material circumstances in evidence point to guilt and exclude any reasonable hypothesis except that of guilt a conviction is warranted. Pruett v. State,33 Ala. App. 491, 495, 35 So.2d 115 (1948).
However "it is not every hypothesis, but every reasonable hypothesis but that of guilt, that the circumstantial evidence must exclude". 23 C.J.S. Criminal Law § 907 (1961).
 "(T)he true test of the sufficiency of circumstantial evidence to justify a conviction is whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt. It is not necessary for the circumstances to be `such as are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the accused'. Bland v. State, 75 Ala. 574; Banks v. State, 72 Ala. 522; Matthews v. State, 55 Ala. 65." Mitchell v. State, 114 Ala. 1, 6, 22 So. 71, 72 (1897).
See also Parmer v. State, 20 Ala. App. 233, 235, 101 So. 482
(1924).
In reviewing the facts of this case we think that there was sufficient evidence, though just barely, from which the jury might have excluded every reasonable hypothesis except that of guilty beyond *Page 876 
a reasonable doubt. While not alone sufficient to justify a conviction, motive may strengthen circumstantial evidence. The fact that the deceased was last seen in the presence of the accused is also a circumstance to consider. Kozlowski v. State,248 Ala. 304, 27 So.2d 818 (1946). The appellant and Hicks were the only two of the four men in the automobile who were not intoxicated to the point of unconsciousness. Threats and expressions of ill will may constitute circumstances connecting the accused with the murder. Here the appellant and Hicks had been arguing all day. Shortly before Hicks was noticed missing by Katon, the appellant struck Hicks in the face while they were riding in the automobile. The appellant had a "real excessive", "real noticeable" and "extreme amount" of blood on his shirt. It did not appear that his nose had been bleeding. When Hicks was found his face was bloody. Blood was also found in the appellant's automobile on the center of the front seat and on the door on the front passenger's side. Braggs v. State,283 Ala. 570, 219 So.2d 396 (1969); Brown v. State,331 So.2d 820 (Ala.Cr.App. 1976). Hicks' wallet was found on the dashboard and in the appellant's wallet was found Hicks' identification card. No explanation was offered as to how this card got in the appellant's wallet. When the appellant requested Katon to open the door, Katon did not recall seeing Hicks in the automobile. When arrested the appellant did not mention Hicks but explained the blood on his shirt by attributing it to his nosebleed. A false explanation given by the accused of any suspicious fact or circumstance tending to connect him with the offense is admissible in evidence against him. Franklin v. State, 145 Ala. 669, 39 So. 979 (1906). Also during his testimony the appellant denied having ever seen Hicks until shortly before his death but on cross examination admitted having known him in Tennessee before he came to Alabama. The jury may properly consider conflicting statements as indicating a consciousness of guilt. If the jury believed Katon they could have reasonably and legally concluded that the appellant killed Hicks. The credibility of witnesses is solely for their consideration and cannot be examined by this court. The evidence was sufficient to sustain the verdict. Kozlowskiv. State, 248 Ala. 304, 27 So.2d 818 (1946); Ratliff v. State,212 Ala. 410, 102 So. 621 (1925); Pendleton v. State,57 Ala. App. 454, 329 So.2d 145 (1976); Tooson v. State,56 Ala. App. 613, 324 So.2d 327, cert. denied, 295 Ala. 426,324 So.2d 333 (1975).
 II
Venue may be proved by circumstantial evidence. Harrison v.City of Anniston, 156 Ala. 620, 46 So. 980 (1908); Wall v.State, 49 Ala. App. 285, 270 So.2d 831 (1972); Pounds v. State,15 Ala. App. 223, 73 So. 127 (1916). Hicks' body was found two and one-half to three miles from the Cleburne County Courthouse down an embankment off the side of the road. Under these circumstances we think there was sufficient proof of venue.Connell v. State, 39 Ala. App. 531, 105 So.2d 695 (1958). Where it can be gathered from the testimony that the offense was committed within a few miles from the county courthouse that is sufficient proof of venue. Shoddy v. State, 20 Ala. App. 168,101 So. 303 (1924); Rector v. State, 11 Ala. App. 333,66 So. 857 (1914); Marberry v. State, 7 Ala. App. 58, 60 So. 949
(1913).
 III
Since the appellant contends that Katon was an accomplice he has the burden to prove that fact. Snowden v. State,27 Ala. App. 14, 165 So. 410 (1936); Sharpe v. State, 51 Ala. App. 534, 287 So.2d 245 (1973). The fact that a witness has been jointly indicted with the defendant does not per se raise the presumption that the witness was an accomplice. Daniels v.State, 50 Ala. App. 88, 277 So.2d 364 (1973); Sweeney v. State,25 Ala. App. 220, 143 So. 586, cert. denied, 225 Ala. 381,143 So. 588 (1932). Where there is no conflict in the testimony, the question of whether a witness is an accomplice is a question of law for determination by the trial court. Pryor v.State, 47 Ala. App. 706, 260 So.2d 614 (1972); Leonard v. State,43 Ala. App. 454, *Page 877 192 So.2d 461 (1966). But where there is doubt or dispute whether a witness is in fact an accomplice, the question is for the jury and not the trial court. Skumro v. State, 234 Ala. 4,170 So. 776 (1936); Sweeney v. State, 25 Ala. App. 220,143 So. 586 (1932); Horn v. State, 15 Ala. App. 213, 72 So. 768 (1916);White v. State, 352 So.2d 29 (Ala.Cr.App. 1977). Where the issue of whether the state's witness was an accomplice is for the jury, the denial of the accused's motion to exclude the state's evidence for lack of corroboration is not error. Perryv. State, 340 So.2d 895 (Ala.Cr.App.), cert. denied,340 So.2d 896 (Ala. 1976); Welch v. State, 35 Ala. App. 643, 51 So.2d 905
(1951). The evidence in this case is not conclusive to the point that Katon was an accomplice. The appellant contends that Katon is solely responsible for Hicks' murder. Katon blames it all on the appellant. Under these facts the issue was for the jury.
We have carefully reviewed the record on appeal, searching for error and considering the sufficiency of the evidence. While the evidence is weak we deem it sufficient, though minimally, to allow the jury to properly conclude that the evidence excludes every reasonable hypothesis but that of guilt. This case is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur.