HARRIS, Judge.
The Houston County Grand Jury, during its February, 1983 term, indicted appellant, Tom Parker, for theft of property in the second degree. On May 24, 1983, he was convicted of the offense and was sentenced to life imprisonment as a habitual felony offender.
Roger Riley, an employee of Mr. Tire Company in Dothan, Alabama, testified that he saw appellant pick up two tires belonging to his employer and walk away with them. He turned a corner with the tires and returned shortly without them. When Riley confronted him, appellant said that he was playing a joke on the bossman.
Larry Smith, another employee, requested that appellant remain at the scene until the police, whom he had summoned, arrived. Appellant said something about giving him a break and proceeded to leave the premises. The two employees alerted Kimberly Smith, the owner of the Mr. Tire Company, and then followed appellant, who threatened his pursuers, thereby managing to elude them before the police arrived.
Riley recovered the two missing tires from a corner of the nearby Snell Service building. Kimberly Smith identified the tires as his property and stated that they were valued at one hundred dollars each. He testified that he knew appellant, since he had once sold him some used tires, but he said that they were not friends and that he did not give him permission to take the tires. He was aware that appellant was the proprietor of A-l Safe and Lock Company down and across the street from his own business.
Appellant contends on appeal that the trial court erred to reversal in denying his request to represent himself at trial.
The record reveals that on February 22, 1983, appellant was arraigned and John W. Gruenewald was appointed by the court to represent him in the case. On May 24, 1983, appellant came to trial. After the jury had been impaneled and the State had presented its opening statement, appellant’s attorney requested that the court entertain a motion outside the presence of the jury. The trial judge complied with this request and heard appellant’s motion to try his own case. From aught that appears in the record, this was the first time appellant sought to assert his right to represent himself.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court held that a criminal defendant has a Sixth Amendment right to conduct his own defense. The demand to proceed pro se must, however, be timely made. See 98 A.L.R.3d 13 (1980). The defendant in Far-etta made such a motion weeks before coming to trial.
The court in United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965), analyzed the timeliness factor as follows:
"The right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of the trial.
“Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge’s assessment of this balance.” (citations omitted)
*113 We find that appellant in the case before us failed to make a timely demand and that the trial judge did not abuse his discretion in denying appellant’s request to conduct his own defense.
Appellant next contends that the trial court erred in denial of his motion to exclude the State’s evidence on the ground that the State failed to establish a prima facie case against him.
Section 13A-8-2, Alabama Code (1975), defines theft of property as the following: “A person commits the crime of theft of property if he: (1) knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property.” Section 13A-8-4, Alabama Code (1975), further defines theft of property in the second degree as the following:
“(a) The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree.”
Appellant does not deny that he knowingly exerted unauthorized control over two tires belonging to Mr. Tire Company worth an aggregate of two hundred dollars. He does argue, however, that he did not intend to deprive Mr. Tire of its property and that he was only playing a joke on the bossman.
 Intent is, of course, inherently difficult to prove by direct evidence. It is properly provable, however, by circumstantial evidence and reasonable inferences arising therefrom. Hinds v. State, 423 So.2d 1382 (Ala.Cr.App.1982). Moreover, the question of intent is one for the jury. Craig v. State, 410 So.2d 449 (Ala.Cr.App.1981).
We find that the State presented sufficient evidence for the jury to conclude, by fair inference, that appellant was guilty, beyond a reasonable doubt of the crime charged, and we will not substitute our judgment for that of the jury. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979); Cannon v. State, 17 Ala.App. 82, 81 So. 860 (1919).
We have carefully searched the record for errors prejudicial to the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.