TAYLOR, Judge.
The appellant, Richard G. Musgrove, was indicted on three sex offenses: two counts of sodomy in the first degree, and one count of sexual abuse in the first degree.
A trial was held on September 8, 1990, at the conclusion of which the jury found appellant guilty on all three counts. The appellant was thereafter sentenced to 10 years in prison for each count, the sentences to run concurrently. Under the Split Sentence Act, he was ordered to serve three years in prison and the balance on probation.
I
The appellant contends that the trial court erred by denying his motions for judgment of acquittal. The appellant specifically contends that there was not sufficient evidence as to when the offenses occurred.
It is apparent from the record that counsel for the appellant made a motion pursuant to Reed v. State, 512 So.2d 804 (Ala.Cr.App.1987), compelling the prosecution to elect which of the sexual abuse incidents they were proceeding with at trial. Therefore, it was incumbent upon the State to prove that the charged offenses occurred during November of 1988.
“Mr. Copeland [Defense Counsel] — First I had informed Ms. Collins earlier, since there has been evidence of various acts, that I would move for her to elect which particular one of the counts of the indictment are based upon. She advised me that — that’s under the Reed case which I did on appeal. She advised me by letter to the court file that she was electing the acts which occurred in November of ’88 in Chunchula. And with that in mind,— is that your position?
“Ms. Collins [Prosecuting Attorney]— Yes.
“Mr. Copeland — With that in mind, I made a motion for a judgment of acquittal as to counts one, two and three separately and severally on the grounds that the State has failed to make out a prima facie case. Without waiving a general objection, we move for a judgment of acquittal as to counts one, and three, the oral sex counts, on the grounds there is no proof of anything but manual touching in November of ’88 in Chunchula and we also move for a judgment of acquittal as to count one in that there was no proof of any insertion of Mr. Musgrove’s sex organ in the mouth of the child at any time at the Chunchula residence.”
The trial court erred in denying appellant’s motion as to counts one and three of the indictment. Counts one and three of the indictment read as follows:
*568 (Count One) — “The Grand Jury of said County charge, that, before the finding of this indictment Richard G. Musgrove whose name is to the Grand Jury otherwise unknown than as stated, did engage in deviate sexual intercourse, to-wit: by placing the penis of Richard G. Musgrove into the mouth of [the victim], the said [victim] being less than twelve years of age, and the said Richard G. Musgrove being sixteen years old or older, in violation of § 13A-6-63 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(Count Three) — “The Grand Jury of said County charge, that, before the finding of this indictment Richard G. Musgrove whose name is to the Grand Jury otherwise unknown than as stated, did engage in deviate sexual intercourse, to-wit: by placing the mouth of Richard G. Mus-grove upon the vagina of [the victim], the said [victim] being less than twelve years of age, and the said Richard G. Mus-grove being sixteen years old or older, in violation of § 13A-6-63 of the Code of Alabama.”
The prosecution clearly failed to prove that these activities occurred during November 1988. After eliciting testimony from the victim, A.R., concerning various sexual activity to which the appellant had allegedly exposed her, she testified as follows:
“Q [By the prosecuting attorney] — Do you remember this ever happening when y’all lived in Chunchula?
“A — Yes. It was on a Friday.
“Q — Friday? Was that before you told your mom?
“A — Yes.
“Q — And did all of these things that you’ve told us about happen on that day?
“A — Not everything that I can remember.
“Q — Well, why don’t you tell us what happened that day?
“A — I’m not so sure.
“Q — Do you remember if he put his mouth on your private spot on that day?
“A — No, I think not.
“Q — Did he ever do that to you when y’all lived in Chunchula?
“A — I don’t know.”
The mother of the victim, the appellant’s ex-wife, later testified as follows:
“Q — [By prosecuting attorney] — And when did you move into this house on Weeks Road [Chunchula]?
“A — The last week of September, ’88.
[[Image here]]
“Q — Do you remember, after you moved into your home on Weeks Road, having any conversations with A.R. about [the appellant]?
“A — Yes, the Friday before Thanksgiving of ’88, [the appellant] and my oldest son had gone to McIntosh to go hunting. It was just the girls and I at the house. And I had put S. to bed earlier. And A.R. and I were laying on the couch watching Miami Vice. And she started asking me birds-and-bees questions. And—
[[Image here]]
“Q — How did you respond to that question?
“A — At that point, I was extremely suspicious. So I asked her, I said, why. And she started crying then. And that’s when she said, I don’t think I’m a virgin. And I asked her, I said, what are you talking about. And she says — I said, has somebody been doing something with you that they shouldn’t be doing. And she cried harder and said, yes. And I said, who. And that’s when she told me [it was the appellant].
“Q — Did she tell you—
“A — That’s when I asked her what exactly has been happening. And in her word, it was he’s been rubbing his thing against my thing until white stuff comes out.
“Q — Did she tell you anything else at that time that he had done to her? Did you ask her any more questions about it?
“A — She was so upset at that point, I was concentrating mainly on trying to soothe her and tell her it was not her fault, that everything was going to be fine, I would take care of it, that this would not happen again. She didn’t real *569 ly want to talk about it anymore, she was extremely upset at that point.
“Q — Did you ever suspect anything like this?
“A — God, no.”
Later, on cross-examination, the victim’s mother again testified as to what the child had told her concerning the sexual activity between her ex-husband and the victim.
“A — I asked her what had happened, and what she told me was that he had rubbed his thing against her thing until white stuff came out.”
It is clear from the above testimony that the victim stated during direct examination that the three offenses charged in the indictment did not occur at the same time. When asked if they occurred during the time frame which the State elected to prosecute, neither the victim nor any State’s witness could establish that the acts contained in counts one and three of the indictment, occurred during November 1988.
The mother’s testimony established that the victim had advised her of acts during November 1988 which constitute the charge contained in count two of the indictment. However, she was unable to give any testimony concerning the acts alleged in count one and three of the indictment.
The trial court, in his charge to the jury instructed them as follows:
“And I want to say one thing also to you. The indictment does not specifically allege it, but the State must prove that the events must have occurred in November of 1988 in a residence located on Weeks Road in Chunchula, Alabama. The Defendant is not on trial for any crimes or any offenses which may have occurred at any time or at any other place. And that applies to all three counts of the indictment.”
As a factual matter, after a thorough review of the record, we are compelled to find that the State failed to prove its case as to counts one and three. Never was it established by testimony that appellant committed the acts charged in counts one and three of the indictment during November 1988. The acts of sodomy may have occurred during that month. However:
“ ‘The possibility that a thing may occur is not alone, under any fair, reasonable deduction, evidence, even circumstantial, that the thing did in fact occur.’ ”
Ex parte Mauricio, 523 So.2d 87, 92 (Ala.1987).
There exists as to counts one and three of the indictment only a mere possibility that the acts of sodomy occurred during November 1988. Judge Patterson, writing for this court in Jackson v. State, 516 So.2d 726, 752 (Ala.Cr.App.1985), stated:
“In deciding whether or not there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Crim.App.1978), cert. denied, 368 So.2d 877 (Ala.1979); Bass v. State, 55 Ala.App. 88, 313 So.2d 208 (1975). Conflicting evidence presents a jury question not subject to review on appeal, provided the State’s evidence establishes a prima facie case. (Citations omitted.) (Emphasis added.)
In this case, the state has failed in its burden of proof as to counts one and three of the indictment. Further, no reasonable inference of guilt as to counts one and three could be drawn from the evidence presented at trial.
We therefore remand this case to the Circuit Court for Mobile County and order that the appellant’s convictions and sentences under counts one and three of the indictment be vacated and that the appellant be resentenced on his conviction under count two of the indictment. Return should be filed with this court within 90 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.