TAYLOR, Presiding Judge,
dissenting.
I dissent from the majority’s affirmance of this case on application for rehearing. I adopt the language and reasoning of the first opinion prepared in this case, which reversed the judgment of the trial court and rendered a judgment for the appellant on both convictions. In regard to the conviction for discharging a firearm within the city limits, the original opinion wisely stated:
“The evidence supporting the State’s ease was not sufficient to prove beyond a reasonable doubt that the appellant discharged a weapon. The State proved only that gunshots were fired from the general direction of a field where the car in which the appellant was riding was parked. There was no evidence that the appellant fired a gun. Although the State produced evidence that pistols were discovered in the car, the State produced no evidence that these pistols had been recently fired. The testimony regarding the possible presence of other individuals in the area of the field raises a reasonable doubt as to who actually fired the shots. ‘ “[Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence.” Cumbo v. State, 368 So.2d 871, 875 (Ala.Crim.App.1978).’ Ex parte G.G., 601 So.2d 890, 893 (Ala.1992).”
In regard to the conviction for carrying a pistol in a vehicle without a license for that pistol, the original opinion stated:
“The State did not present sufficient evidence to establish beyond a reasonable doubt that the appellant had knowledge of the presence of these pistols in the vehicle.
“ ‘ “[T]he possibility that a thing may occur is not alone evidence even circumstantially, that the thing did occur.
[[Image here]]
“ ‘ “The only inference raised by the state’s evidence presented in this case is that it was possible that this appellant may have committed this offense. Beyond this possibility, resort must be had to surmise, speculation, and suspicion to establish the appellant’s criminal agency in the offense charged. No rule-is more fundamental or better settled that convictions cannot be predicated on such bases.”
“ ‘Parker v. State, 280 Ala. 685, 691-92, 198 So.2d 261, 268 (1967).’
“Nguyen v. State, 580 So.2d [122] 123 [ (Ala.Cr.App.1991) ].
“Under the facts of this case, we find that the evidence presented was not sufficient to prove beyond a reasonable doubt both that the appellant discharged a firearm within the city limits of Florence, Alabama, and that he carried or possessed a pistol in a vehicle, notwithstanding the lack of a license. Therefore, the judgment of the trial court is reversed and a judgment is rendered for the appellant.”
For these reasons, I must respectfully dissent. The appellant’s convictions should be reversed and a judgment rendered for the appellant.