[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11594
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-00123-KD-B

JEROME A. WILLIAMS,

                                            Petitioner-Appellant,

versus

RALPH HOOKS,

                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 18, 2011)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

    Jerome Williams appeals pro se the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition.  After review, we affirm.

## I. BACKGROUND

### A.     State Trial Proceedings

On January 16, 2004, Williams was charged in Alabama state court with rape, burglary and theft. On March 29, 2004, Williams was appointed counsel. Prior to trial, Williams's counsel filed a motion to suppress evidence, including DNA evidence found on the rape victim's clothing.

On September 13, 2004, following jury selection, the state trial court conducted a hearing on Williams's motion to suppress. After the state trial court ruled on the admissibility of a photograph, Williams's counsel and the state trial court began to address the DNA evidence. At that point, Williams interrupted and expressed his desire to proceed pro se. The state trial court denied the request "[o]n the grounds that you are not trained as a lawyer, you have got to have a lawyer." Several more times during the suppression hearing, Williams insisted he be allowed to represent himself, but each time the state trial court denied his request.[1]

At trial, before Williams's counsel began his opening statement, Williams

---

[1]The main thrust of Williams's complaint is that during the suppression hearing he was unable to cross-examine the state's DNA expert. Although Williams was not allowed to represent himself during the suppression hearing, the state trial court did permit Williams to consult with his appointed counsel after the DNA expert was cross-examined and to have appointed counsel ask additional questions Williams wanted posed, which appointed counsel did.

again requested to proceed pro se.  The state trial court, after advising Williams of his rights and responsibilities, granted the request and allowed Williams to represent himself for the remainder of the trial. The jury found Williams guilty on all counts.  As a habitual felony offender, Williams received a sentence of life without parole.

## B. Direct Criminal Appeal

Williams appealed to the Alabama Court of Criminal Appeals.  Williams argued, inter alia, that the state trial court violated his Sixth Amendment right to self-representation.  Citing Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975), Williams contended that, when he unequivocally requested to proceed pro se during the suppression hearing, the state trial court was obligated to ensure that Williams's waiver of the right to counsel was knowing and intelligent and, if so, allow Williams to proceed pro se.  Williams argued that the state trial court violated Faretta by forcing him to accept his appointed counsel's representation during the suppression hearing.

In opposition, the State argued that a defendant's right to self-representation under Faretta could not be used to interfere with the orderly administration of justice.  Citing Alabama law construing Faretta, the State contended that the trial court was within its discretion to deny Williams's request due to his untimeliness

and the potential to disrupt proceedings. See Parker v. State, 455 So. 2d 111, 112-13 (Ala. Crim. App. 1984) (concluding that trial court did not abuse discretion in denying defendant's Faretta demand made after the jury had been impaneled and the State had made its opening statement).

The Alabama Court of Criminal Appeals affirmed Williams's convictions. The state appellate court noted that appointed counsel represented Williams from March 29, 2004 until jury selection on September 13, 2004. During that time, Williams appeared before the trial court at least twice (at a May 3, 2004 motion hearing and a May 21, 2004 status conference), but never asked to proceed pro se. The appellate court explained that Williams's request for self-representation did not come until "voir dire was completed and the petit jury was sworn and empaneled," and stated that "jeopardy [had] attached" at that point. The appellate court also noted that Williams was eventually granted his request for self-representation. Without explicitly addressing Faretta, the appellate court stated, "Given the fact that he was allowed to proceed pro se, we find no reversible error in the trial court's denial of his request to represent himself at the suppression hearing and during voir dire." The Supreme Court of Alabama denied review.

C.    Section 2254 Petition

In 2007, Williams filed this § 2254 petition, alleging, among other things,

that the state trial court denied his Sixth Amendment right to self-representation under <u>Faretta</u>. The State again asserted that the state trial court properly denied Williams's request for self-representation because it was untimely and could have disrupted proceedings and that the state court's decision reasonably applied the relevant Supreme Court precedent of <u>Faretta</u>.

A magistrate judge issued a report and recommendation ("R&R") recommending that Williams's § 2254 petition be denied. Over Williams's objection, the district court adopted the R&R and dismissed Williams's § 2254 petition. Williams filed this appeal. This Court granted a certificate of appealability ("COA") on the issue of "[w]hether the district court erred by finding that the state court's denial of Williams's claim of a violation of his right to self-representation was not contrary to or an unreasonable application of federal law."

## II. DISCUSSION

A federal court may grant habeas relief on a claim the state court adjudicated on the merits only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[2]

---

[2]We review <u>de novo</u> a district court's determination regarding whether the standard under § 2254(d)(1) has been met and its fact findings for clear error. <u>Van Poyck v. Florida Dep't of Corrs.</u>, 290 F.3d 1318, 1321 (11th Cir. 2002).

Here, Williams argues that the state court's ruling on his request to proceed pro se was an unreasonable application of the Supreme Court's Faretta decision.[3]

In Faretta, the Supreme Court concluded that implicit with the Sixth Amendment's right to counsel is a right to self-representation and that a defendant could not be compelled to accept assistance of counsel. 422 U.S. at 819, 833-34, 95 S. Ct. at 2533, 2540. The Supreme Court also concluded that, to invoke the self-representation right, a defendant must "knowingly and intelligently" waive his right to counsel. Id. at 835, 95 S. Ct. at 2541. The Supreme Court's Faretta ruling recognized, however, that a defendant's self-representation right is not absolute. See Martinez v. Court of Appeal, 528 U.S. 152, 161, 120 S. Ct. 684, 691 (2000) ("As the Faretta opinion recognized, the right to self-representation is not absolute.") The Supreme Court noted that the defendant "was literate, competent, and understanding," made an unequivocal request to represent himself, and made the request "weeks before trial." Faretta, 422 U.S. at 835-36, 95 S. Ct. at 2541. The Supreme Court concluded that, under these circumstances, a Sixth

---

[3]Williams's appellate brief does not argue that the state court's decision is "contrary to" federal law. In any event, Williams could not prevail on this argument given that he did not make his Faretta request "weeks before trial," and, thus, his case is materially distinguishable from Faretta. See Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (explaining that a decision is "contrary to" federal law only if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from relevant Supreme Court precedent, but arrives at an opposite result).

6

Amendment violation had occurred. Id. The Supreme Court in Faretta further acknowledged that the trial court could "terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct" and could appoint standby counsel, even over the defendant's objection. Id. at 834 n.46, 95 S. Ct. at 2541 n.46.

Here, Williams has not shown that the Alabama Court of Criminal Appeals's decision involved an unreasonable application of Faretta.[4] Nothing in Faretta requires a trial court to grant a request for self-representation that is either untimely or likely to be disruptive to ongoing proceedings. Indeed, by highlighting that the defendant in Faretta had made his request weeks before trial, the Supreme Court indicated that the timeliness of the invocation of the right to self-representation bears on whether a Sixth Amendment violation occurred.

Notably, numerous courts construing Faretta, including this one, have concluded that the invocation of the right to self-representation must be timely and that the right may be curtailed or deemed waived once proceedings have begun. See, e.g., United States v. Bankoff, 613 F.3d 358, 372-74 (3d Cir. 2010); Wood v.

---

[4]Williams argues that the trial court did not deny his Faretta request on timeliness grounds. However, the highest last state court decision reaching the merits – the decision of the Alabama Court of Criminal Appeals – did, and this is the relevant decision for purposes of § 2254(d)(1). See Newland v. Hall, 527 F.3d 1162, 1199 (11th Cir. 2008).

7

Quarterman, 491 F.3d 196, 202 (5th Cir. 2007); United States v. Edelmann, 458 F.3d 791, 808-09 (8th Cir. 2006); Marshall v. Taylor, 395 F.3d 1058, 1060-61 (9th Cir. 2005); United States v. Young, 287 F.3d 1352, 1353-55 (11th Cir. 2002); United States v. Martin, 25 F.3d 293, 295-96 (6th Cir. 1994); United States v. Mayes, 917 F.2d 457, 462 (10th Cir. 1990); United States v. Gillis, 773 F.2d 549, 559 & n.14 (4th Cir. 1985); United States v. Brown, 744 F.2d 905, 908 (2d Cir. 1984); Parker v. State, 455 So. 2d 111, 112 (Ala. Crim. App. 1984); see also Martinez, 528 U.S. at 161-62, 120 S. Ct. at 691 (noting that "most courts" require the defendant to elect to conduct his own defense "in a timely manner").

Because Williams has not shown that the Alabama Court of Criminal Appeals's rejection of his Sixth Amendment claim was contrary to, or an unreasonable application of, Faretta, the district court properly denied habeas relief under § 2254(d)(1).

**AFFIRMED.**