On November 5, 1996, Covellor H. Posey was convicted of trafficking in methamphetamine, a violation of § 13A-12-231(7)(a), Ala. Code 1975, and was sentenced to life imprisonment. Posey raises three issues on appeal. Our holding, however, requires us to address only one of these.
At trial, the state argued that Posey was in constructive possession of 28 grams or more of methamphetamine. Posey alleged that the search of the premises was illegal and that the evidence seized as a result of the search should therefore have been suppressed. Alternatively, he argued that the state failed to prove that he was in constructive possession of the methamphetamine.
The undisputed facts presented at trial tended to show that Posey owned and operated an automobile parts business in Fayette County. In addition to the building that contained the business office and shop, on the premises were a number of automobiles and a mobile home.
At 12:30 A.M., on August 17, 1996, Sheriff James Turner and five deputies executed a search warrant issued by the Fayette District Court for Posey's business premises. Upon arriving at the premises, the officers found Timmy Gilbert and his wife, Tina Gilbert, working in the shop area of the business. Timmy Gilbert was in possession of illegal drugs.
While officers were searching the shop area, other officers searched the trailer. The officers testified that they entered the trailer through an unlocked door and that they found two children asleep in the trailer. The officers testified that they found Posey in one of the back bedrooms with a female identified as Tracey Windham. The officers testified that both men's and women's clothing was found in the bedroom. However, there was no testimony indicating that any particular articles of the clothing belonged to Posey. In a dresser drawer in that bedroom, the officers found a small amount of marijuana and a smoking device.
In the freezer compartment of the refrigerator in the kitchen, the officers discovered a skillet containing over 200 grams of a substance that was later determined to be methamphetamine. Several guns were also found in the trailer and elsewhere on the premises. One of the deputies testified that Posey was cooperative during the search.
Posey, who took the stand in his own defense, admitted that he owned several of the guns found on the premises. However, he stated that the trailer was not his. Rather, he stated that it belonged to his son and stated that he was there on the night of the search was conducted because he had planned on working early the next morning.
The record also reveals that another man, Mike Lancaster, arrived on the premises during the search and that he was arrested for possession of methamphetamine.
The state pursued a conviction against Posey based on constructive possession. In support of this theory, the state presented evidence to show that Posey had paid property taxes on the trailer and, in fact, that he owned the trailer.
At the close of the state's evidence, Posey made a motion for a judgment of acquittal, alleging that the state had failed to prove that he was in constructive possession of the methamphetamine because, he said, it had failed to prove that he had knowledge of its presence in the refrigerator. Posey renewed the motion at the close of the defense's case-in-chief. The trial court denied each motion. Posey now argues that the trial court committed *Page 658 
reversible error when it denied the motions. We agree.
 "In order to sustain a conviction for possession of controlled substances, there must be sufficient evidence of either actual or constructive possession. Radke v. State, 52 Ala. App. 397, 293 So.2d 312 (1973), affirmed, 292 Ala. 290, 293 So.2d 314 (1974). `Just as the mere presence of a person at the time and place of a crime is not sufficient to justify a conviction for the commission of that crime, . . . so the mere presence of the accused in a place where the controlled substance is found is not in and of itself evidence of possession.' German v. State, 429 So.2d 1138, 1140
(Ala.Cr.App. 1982)."
Menefee v. State, 592 So.2d 642, 644 (Ala.Cr.App. 1991).
It is undisputed that Posey was not in actual possession of the methamphetamine found in the trailer. Therefore, the state was required to prove he was in constructive possession of the contraband.
 "When constructive possession is relied on, the prosecution must also prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substances. Campbell v. State, [439 So.2d 718 (Ala.Cr.App), rev'd on other grounds, 439 So.2d 723
(Ala. 1983)]; Yarbrough v. State, 405 So.2d 721
(Ala.Cr.App. 1981), cert. denied, 405 So.2d 721 (Ala. 1981). This knowledge may be inferred from the accused's exclusive possession, ownership, and control of the premises. Temple v. State, 366 So.2d 740
(Ala.Cr.App. 1978). When the accused is not in exclusive possession of the premises, however, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference. Korreckt v. State, 507 So.2d 558 (Ala.Cr.App. 1986); Temple v. State, [366 So.2d at 743]. While non-exclusive possession may raise a suspicion that all the occupants had knowledge of the contraband found, a mere suspicion is not enough. Some evidence that connects a defendant with the contraband is required. Grubbs v. State, 462 So.2d 995, (Ala.Cr.App. 19840; Temple v. State."
Robinette v. State, 531 So.2d 682, 686 (Ala.Cr.App. 1987), rev'd on other grounds, 531 So.2d 697 (Ala. 1988).
The evidence presented at trial did not establish that Posey was in exclusive possession of the trailer. According to the state's own witnesses, there were four other adults and two children present in the trailer during the search of the premises. Posey was in the trailer where the methamphetamine was found; however Tracey Windham and the two children were also there. Furthermore, Tina Gilbert, a witness for the defense, testified that she, along with another person, had been in the trailer shortly before the deputies arrived. She testified that Posey and Windham had been sleeping when she was in the trailer. It is undisputed that the trailer was unlocked when the search warrant was executed.
In Temple v. State, 366 So.2d 740 (Ala.Cr.App 1978), this court provided a non-exclusive list of circumstances that may establish a connection between a defendant and the contraband found on the defendant's property when the defendant is not in exclusive possession of the premises.
 "While the kinds of circumstances which may provide a connection between a defendant and the contraband are unlimited and will naturally depend on the facts of each particular case, 56 A.L.R.3d 948 (1974), it has generally been stated that:
 "`The kinds of circumstances which provide such connection are: (1) evidence that excludes all other possible possessors; (2) evidence of actual possession; (3) evidence that the defendant had substantial control over the particular place where the contraband was found; (4) admissions of the defendant that provide the necessary *Page 659 
connection, which includes both verbal admissions and conduct that evidences a consciousness of guilt when the defendant is confronted with the possibility that an illicit drug will be found; (5) evidence that debris of the contraband was found on the defendant's person or with his personal effects; (6) evidence which shows that the defendant, at the time of the arrest, had either used the contraband very shortly before, or was under its influence.
 "`The kinds of evidence which might be relevant, but which by themselves do not add the necessary connection are: (1) admissions of previous use; (2) conduct that might be construed as evidencing a consciousness of guilt which was not displayed upon the defendant's confrontation of the possibility that an illicit drug would be discovered; (3) evidence of previous use; (4) evidence that showed the defendant's physical proximity to the contraband.
 "9 Land and Water L.Rev. 236, 248-49 (1974)."
366 So.2d at 743.
In the present case, there was no evidence of any of the factors enumerated in Temple. The state simply presented evidence to show that Posey was the owner the premises and that he was in the trailer when the methamphetamine was found. However, we find this evidence insufficient to prove that he had any more knowledge of its presence in the refrigerator than anyone else on the premises at the time of the search. In fact, it appears that two other people on the premises were in actual possession of illegal drugs at the time of the search, and at least one of those was in possession of methamphetamine.
In its brief to this court, the state lists a number of cases — all but one of which was written by this Court — in support of its allegation that "[t]he authorities relied upon by the appellant reflect an assumption that drug defendants have the right to more stringent review of their conviction than other convicts." (state's brief, p. 14) The state also cites Wallace v. State, 690 So.2d 534 (Ala.Cr.App. 1996), in support of its argument that Posey's conviction is due to be affirmed. The facts in Wallace, however, are distinguishable from the facts in the present case because there was testimony in Wallace that suggested that the defendant had been involved in drug activity earlier in the day of the search during which contraband was found in her home. Here, there was no circumstantial evidence, except for ownership of the premises, connecting Posey to the contraband.
The marijuana found in the drawer in the bedroom could conceivably link Posey with illegal drug activity, but under the circumstances it would not support a conviction for trafficking in methamphetamine. Additionally, when considering the marijuana, we encounter the same constructive possession problem, although on a smaller scale, as exists with the methamphetamine in the refrigerator. Posey was not alone in the bedroom with the marijuana, nor was any evidence presented beyond ownership of the premises that would tend to identify him as the owner of the marijuana.
In reviewing Posey's conviction, this court is well aware of the applicable standard of review concerning the sufficiency of the evidence. In Cumbo v. State, 368 So.2d 871 (Ala.Cr.App 1978), cert. denied 368 So.2d 877 (Ala. 1979), Judge Bowen, writing for this Court, stated the standard for appellate review of the sufficiency of the evidence to support a conviction. InCumbo, a murder case, the defendant was convicted solely on circumstantial evidence. In affirming the appellant's conviction, Judge Bowen wrote:
 "In reviewing a conviction based on circumstantial evidence, this Court must view that evidence in a light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence *Page 660 
excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir. 1974); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971); Clark v. United States, 293 F.2d 445 (5th Cir. 1961).
 "`(W)e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir. 1969); Roberts v. United States, 416 F.2d 1216 (5th Cir. 1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir. 1967):
 "`"Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt. Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. . . .
"`". . . .
 "`The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to so examine the welter of evidence to determine if there exists any reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged.' McGlamory, 441 F.2d at 135 and 136.
 "See also Blair v. State, 18 Ala. App. 615, 93 So. 45 (1922). Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of guilt is a question for the jury and not the court. Cannon v. State, 17 Ala. App. 82, 81 So. 860 (1919); see also Evans v. State, 39 Ala. App. 404, 408, 103 So.2d 40, cert. denied, 267 Ala. 695, 103 So.2d 44 (1958).
 "Circumstantial evidence may afford satisfactory proof of the corpus delicti in a murder prosecution, and, if facts are presented from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury. Hopson v. State, 352 So.2d 500, 502
(Ala.Cr.App.), affirmed, 352 So.2d 506 (Ala. 1976). However circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence.
 "`The humane provisions of the law are, that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof that the law requires.' Ex parte Acree, 63 Ala. 234
(1879)."
Cumbo, 368 So.2d at 874-75 (final two emphases added; other emphases added in Cumbo).
Reviewing the evidence presented at trial in a light most favorable to the prosecution, we hold that the state did not prove beyond a reasonable doubt that Posey had knowledge of the presence of the methamphetamine. Although the state proved Posey's ownership of the premises, this alone, under the facts of this case, was not enough to support his conviction. See Temple, 368 So.2d at 744. The evidence presented by the state did not exclude every reasonable hypothesis but that of Posey's guilt. *Page 661 
Because the evidence is insufficient to sustain the jury's verdict, the judgment of the trial court must be reversed and a judgment rendered for the appellant. Burks v. United States,437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
Due to our reversal on this issue, we pretermit any discussion of the other issues raised.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.