The evidence in this case indicated that only three people had been observed by the police staying overnight in the house owned by a relative of the appellant — Kevin Meeker, Matthew Maples, and the appellant. The evidence also indicated that there were three occupied bedrooms in the house. Two of those bedrooms were linked by testimony to Kevin Meeker and Matthew Maples. In the third bedroom, police found various personal items, including clothes and shoes that were never directly linked to the appellant. However, police also found the appellant's driver's license on a TV stand in that bedroom. Marijuana was found on that same stand. Although the issue of the sufficiency of the evidence would be much easier to decide if a clearer connection could have been established between the appellant and the third bedroom, there was nonetheless enough evidence, in my judgment, to submit the case to the jury. A reasonable inference can be drawn, I think, that because only three people were observed staying overnight in the house, the appellant had at one time or another occupied the third bedroom. To conclude otherwise from the evidence, the jury would have had to find that the appellant slept with one of the other occupants of the house, on the floor, or perhaps on a sofa. This was certainly possible; however, given the availability of the furnished spare bedroom, the jury could have reasonably found that the appellant had occupied that room. Also supporting this inference is evidence indicating that the appellant's driver's license was found in that spare bedroom.
This court has provided a nonexclusive list of circumstances that may assist a fact-finder in establishing a connection between a defendant and contraband found on property of which the defendant is not in exclusive control. One of these circumstances is evidence that the defendant had substantial control over the particular place where the contraband was found. Posey v. State, 736 So.2d 656, 658-59 (Ala.Crim.App. 1997). See also Wesenberg v. State, 504 So.2d 328, 333 (Ala.Crim.App. 1986), wherein this court, quoting Gary v. State, 473 So.2d 604, 605 (Ala.Crim.App. 1985), stated:
 "`Where drugs are found on premises of which the defendant was in nonexclusive possession, the fact that they were found among or near his personal belongings may be a circumstance which is sufficient to link him with the possession of those drugs. Annot., 56, ALR 3d 948, § 10 (1974).'"
The kinds of circumstances that may provide a connection between a defendant and illegal drugs found on premises over which he does not have exclusive control are unlimited and will naturally depend on the facts of each particular case. Jackson v. State, 589 So.2d 781, 787
(Ala.Crim.App. 1991).
This is admittedly a very close case. However, given the reasonable inferences *Page 857 
that can be drawn from the evidence presented, I believe the jury was properly allowed to determine whether the appellant had occupied the spare bedroom, so as to link him to the marijuana found in that room.
For the foregoing reasons, I would affirm the judgment of the trial court; therefore, I respectfully dissent.
 *Page 135