| STATE OF LOUISIANA | * | NO. 2019-KA-0606 |
| | | |
| VERSUS | * | |
| | | COURT OF APPEAL |
| CHASITY ANDREWS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 515-510, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Tiffany G. Chase)


**LOBRANO, J., CONCURS IN PART AND DISSENTS IN PART WITH
REASONS TO FOLLOW**


Leon Cannizzaro
District Attorney
Scott G. Vincent
Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Kevin Vincent Boshea
ATTORNEY AT LAW
2955 Ridgelake Drive, Suite 207
Metairie, LA 70002

      COUNSEL FOR APPELLANT/DEFENDANT


**CONVICTIONS AND SENTENCES VACATED; REMANDED**
**JANUARY 15, 2020**

Defendant Chasity Andrews ("Ms. Andrews") appeals her convictions and sentences for one count of simple rape, in violation of La. R.S. 14:43 and two counts of indecent behavior with a juvenile, in violation of La. R.S. 14:81. We find the criminal district court lacked jurisdiction over Ms. Andrews to try her for the offenses of indecent behavior with a juvenile and aggravated rape. For certain enumerated offenses, where an indictment is returned alleging that the child was 15 years or older at the time of the alleged offense, the juvenile court is automatically divested of jurisdiction pursuant to La. Ch.C. art. 305(A)(1)(a). Indecent behavior with a juvenile is not among the enumerated offenses under the statute. Consequently, we find the criminal district court never had jurisdiction to try Ms. Andrews for indecent behavior with a juvenile.

Additionally, when the State amended the indictment to reflect that Ms. Andrews was 14 years old at the time of the alleged criminal acts, the criminal district court lost jurisdiction to try Ms. Andrews on the aggravated rape charge. La. Ch.C. art. 305(A)(1)(a) only applies to those enumerated offenses which are

committed when the child is 15 years or older; thus La. Ch.C. art. 305(A)(1)(a) was no longer applicable after the State amended the indictment. Further, the criminal district court lacked jurisdiction to try Ms. Andrews for aggravated rape because there was no hearing in juvenile court, in accordance with La. Ch.C. art. 857(A), to determine whether transfer of jurisdiction was appropriate. Therefore, we find the trial court lacked jurisdiction over Ms. Andrews to try her for the offenses of indecent behavior with a juvenile and aggravated rape. For these reasons, we pretermit discussion of the remaining assigned errors, vacate Ms. Andrews' convictions and sentences, and remand the matter for further proceedings consistent with this opinion.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In April 2013, a grand jury indictment was filed charging Ms. Andrews with one count of aggravated rape of T.S.[1], one count of indecent behavior with a juvenile, namely, A.B. Ms. Andrews was initially listed as being 15 years old at the time of the charged offenses. A jury trial in the present matter was held from January 8, 2019, to January 17, 2019. During the course of the trial, defense counsel moved for a mistrial on January 10, 2019, and January 15, 2019, which the trial court initially granted. However, the trial court's orders for mistrial on January 10, 2019, and January 15, 2019, were reversed by the Louisiana Supreme Court and this Court, respectively.

---

[1] Pursuant to Rule 5-2 of the Uniform Rules—Courts of Appeal, initials are used to protect the identities of the victims.

For the purpose of this appeal, we limit our recitation of the facts of the case to the information most relevant to this Court's findings on the issue of jurisdiction. The following testimony was elicited at trial.

K.W. testified that he is T.S.'s stepfather and A.B. and Ms. Andrews' uncle. He stated that he married T.S.'s mother in 2004. From 2006 to 2007, after Hurricane Katrina, Ms. Andrews came to live with K.W., his wife, and T.S. While living with her uncle's family, Ms. Andrews shared a bedroom with T.S. K.W. testified that he and his wife learned about the allegations involving Ms. Andrews, T.S., and A.B., from a third-party and reported the matter to the New Orleans Police Department in December 2012.

A.B. testified at trial that she was 17 years old and born on May 31, 2001. A.B., who was living in Texas at the time, testified that she was visiting T.S.'s family in New Orleans when a sexual encounter took place, involving herself, T.S., and Ms. Andrews. While A.B. could not recall how old she was when the incident occurred, she testified that after the matter was reported to police (several years after the incident), her forensic interview in 2013 took place and at that time she was almost 12 years old.

T.S. testified at trial that she was 17 years old and her birthdate was April 7, 2001. T.S. similarly testified to the incident involving her cousins A.B. and Ms. Andrews. She additionally stated that over the course of the year that Ms. Andrews lived with her family, Ms. Andrews sexually abused her. T.S. further indicated that the alleged abuse stopped once Ms. Andrews moved back to Texas.

Ms. Andrews testified in her defense at trial. Born on June 3, 1992, Ms. Andrews stated that she was 13 years old when Hurricane Katrina hit New Orleans. She moved from Texas to New Orleans, following the hurricane, and moved in with her uncle and his family. She testified that she attended John McDonogh High School in New Orleans for the 2006-2007 school year and then moved back to Texas, attending Garland High School for the 2007-2008 school year. Additionally, at trial, Ms. Andrews submitted her school attendance records for 2007 to 2008 reflecting that she was in Garland, Texas at that time.

After the State and Defense rested their cases, the State moved to amend the grand jury indictment as to the dates of the alleged offenses based on testimony and evidence that was presented at trial. The trial court granted the State's request, but finding the amendment was substantive in nature, the trial court declared a mistrial. This Court subsequently reversed the decision of the trial court and the trial reconvened with closing arguments.

On January 17, 2019, the jury returned a responsive verdict of simple rape, in violation of La. R.S. 14:43, and guilty of two counts of indecent behavior with a juvenile, in violation of La. R.S. 14:81. Ms. Andrews subsequently filed a motion for new trial and a motion for post-verdict judgment of acquittal, which the trial court denied.

The trial court sentenced Ms. Andrews in connection with her simple rape conviction to 11 days in the custody of Department of Corrections, with credit for time served. With respect to her conviction on two counts of indecent behavior with a juvenile, Ms. Andrews was also sentenced to a suspended term of five years

4

in the custody of the Department of Corrections. Additionally, she was sentenced to three years active probation, during which time the trial court ordered Ms. Andrews "to seek any and all necessary counseling through the probation department." Ms. Andrews was also ordered to register as sex offender.

Ms. Andrews timely appeals her convictions and sentences.

## *DISCUSSION*

Ms. Andrews appeals her convictions and sentences based on several assigned errors, including that the criminal district court lacked jurisdiction to try her on the charges of aggravated rape and indecent behavior with a juvenile. We find merit to the jurisdictional issue Ms. Andrews raises on appeal. Consequently, and for reasons discussed in greater detail below, we decline to exercise our supervisory review of Ms. Andrews' remaining assigned errors.

Ms. Andrews avers that the criminal district court lacked jurisdiction to try her on the alleged violations of aggravated rape and indecent behavior with a juvenile. She claims that the district court never had jurisdiction to try the charge of indecent behavior with a juvenile and lost jurisdiction to try the charge of aggravated rape when the State amended the indictment.

The original indictment returned against Ms. Andrews on April 3, 2013, charged her with committing aggravated rape and indecent behavior with juveniles during the period from August 1, 2007 to June 30, 2008. Based on Ms. Andrews' birthdate, June 3, 1992, Ms. Andrews would have been 15 years old when she allegedly committed the criminal acts. La. Ch.C. art. 305(A)(1)(a) "automatically divests the juvenile court of jurisdiction when a child is [fifteen] years of age or older at the time of the commission of aggravated rape and an indictment charging that offense is returned." *State v. Harrison*, 16-0178, p. 1 (La. 5/12/17), 219 So.3d

5

316, 317. However, La. Ch. C. art. 305(A)(1)(a) provides for no automatic divestiture of juvenile court jurisdiction when a 15-year-old is charged with the crime of indecent behavior with a juvenile. Thus, Ms. Andrews asserts that the criminal district court lacked jurisdiction to try her on the charge of indecent behavior with a juvenile.

Likewise, in support of her argument on the aggravated rape charge, Ms. Andrews relies on the State's amending of the indictment, changing the period of time over which the criminal acts are alleged to have occurred. The original indictment alleged that the offenses for which she was charged occurred from August 1, 2007 to June 30, 2008. The State's amendment to the indictment was necessitated by the trial testimony of K.W., T.S., and Ms. Andrews, along with the presentation of Ms. Andrews' school attendance records for the 2007 to 2008 school year. The evidence presented at trial demonstrated that for the time period set forth in the original indictment, Ms. Andrews was not living in New Orleans.

K.W. testified that Ms. Andrews lived in the family home in New Orleans from 2006 to 2007. T.S. testified that the actions upon which the indictment was based took place while Ms. Andrews was living in the family home and stopped once Ms. Andrews moved out of the home. Ms. Andrews introduced into evidence her school records for 2007 to 2008 which reflected she was in Garland, Texas during that time. Finally, Ms. Andrews confirmed that she stayed in New Orleans from 2006 to 2007, then moved to Texas, attending Garland High School during the 2007-2008 school year. Thus, the amendment was necessitated by the trial testimony and evidence of Ms. Andrews' school attendance records for the 2007-2008 school year.

Amending an indictment to change the time period of offenses is permissible in instances such as this where, as this Court noted, "the dates and times of the charged offenses are not essential elements of the crimes. . . ." However, by virtue of the trial testimony noted above, Ms. Andrews, at the time she allegedly committed the charged offenses, was 14 years old rather than 15 years old.

As previously mentioned, La. Ch. C. art. 305A(1)(a) provides for the automatic divestiture of jurisdiction from juvenile court to criminal district court when the juvenile is at least 15 years old and has been indicted on the charge of aggravated rape. There is no such automatic divestiture when the juvenile is 14 years old. Instead, La. Ch.C. art. 857(A) allows for the transfer of jurisdiction from the juvenile court to the district court but only "after the juvenile court conducts a hearing to determine if transfer is appropriate." *Harrison*, 16-0178, p. 2, 219 So.3d at 317. No such hearing was conducted in this instance; hence, Ms. Andrews contends that jurisdiction was not vested with the district court.

The State failed to address Ms. Andrews' jurisdictional argument on appeal. We nevertheless consider the merits of Ms. Andrews claims in the context of La. Ch. C. art. 857(C) and La. Cr.C.P. art. 595.

La. Ch.C. art. 857(C) provides, in pertinent part:

> An adult who is charged with an offense committed at the time he was a child … and for which he was not subject to prosecution as an adult due to his age at the time the offense was committed **shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction.** If convicted, he shall be committed to the custody of the Department of Public Safety and Corrections to be confined in secure placement for a period of time as determined by the court not to exceed the maximum amount of confinement he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed. (Emphasis added).

The criminal acts are alleged to have occurred during the 2006-2007 school year,

when Ms. Andrews was 14 years old. However, testimony elicited at trial that the acts were not reported to police until on or about December 3, 2012. Following an investigation, Ms. Andrews was charged via a grand jury indictment on April 4, 2013, when Ms. Andrews was 20 years old. La. Ch.C. art. 804(1)(a) defines "Child" as "any person **under the age of twenty-one**, including an emancipated minor, who commits a delinquent act before attaining seventeen years of age." (Emphasis added).

In the factually similar case of *State v. Mock*, 18-530, p. 3-4 (La. App. 3 Cir. 2/6/19), 265 So.3d 1029, 1031-32, the defendant was a juvenile when he committed the crime of sexual battery but was 20 years old at the time he was charged. The district court determined that it had jurisdiction over defendant by virtue of Article 857(C)(2) as he was an adult when he was charged. The Louisiana Third Circuit, however, specifically rejected the trial court's determination based upon the provisions of Article 804(1)(a) wherein, as long as the defendant is under seventeen when he commits the delinquent act, he is not considered to be an adult until he attains the age of twenty-one. In support of its decision, the Court also relied on the Louisiana Supreme Court's opinion in *State v. Havis*, 03-2490, p. 4 (La. 4/30/04), 874 So.2d 153, 155, wherein the Court stated:

> Because relator was over the age of 21 years when arrested, he was no longer a child for purposes of delinquency proceedings conducted in a court exercising original juvenile jurisdiction. *See* La. Ch. C. art. 804(1) ("'Child' means any person under the age of twenty-one, including an emancipated minor, who commits a delinquent act before attaining seventeen years of age.").

*Mock*, 2018-530 at p. 4, 265 So.3d at 1031; *see also State v. Odoms*, 11-2092 (La. App. 1 Cir. 6/8/12), 94 So.3d 166 (defendant who was over the age of twenty-one

8

when arrested for crime committed when he was fourteen, was no longer a "child" for jurisdictional purposes); *but see State v. I.C.S.,* 13-1023, p. 2 (La. 7/1/14), 145 So.3d 350, 351-52 (defendant who was twenty years old when he pled guilty to a crime committed when he was twelve, was "prosecuted in adult criminal court pursuant to Children's Code Article 857(C)(2)").

Based on La. Ch.C. art. 804(1)(a), Ms. Andrews, at the time she was charged with the crimes at issue, was not an adult, and jurisdiction could not be transferred to the district court pursuant to La. Ch.C. art. 857(C)(2). In light of La. Ch.C. art. 305(A)(1)(a), we find the district court never had jurisdiction to try Ms. Andrews on the charges of indecent behavior with a juvenile, and there was no transfer of jurisdiction with respect to the charge of aggravated rape as required under La. Ch.C. art. 857(A). Therefore, Ms. Andrews' convictions and sentenced should be vacated because the district court lacked jurisdiction over her.

Although we find that Ms. Andrews' convictions and sentences are null and void, that does not preclude the State from retrying her. La. Cr.C.P. art. 595 provides, in pertinent part:

> A person shall not be considered as having been in jeopardy in a trial which:
>
> (1) The court was illegally constituted or lacked jurisdiction[.]

Additionally, we note that Ms. Andrews, by virtue of her failure to file a motion to quash the indictment for lack of jurisdiction, did not waive her objection in this regard. As the Louisiana Supreme Court observed:

> [S]o far as nullity resulting from absence of jurisdiction is concerned, why that is a matter which in the words of this court in the case of *Decuir v. Decuir,* 105 La. [481,] 485, 29 So. [932,] 934 [(1901)], "may be invoked by any one at any time and anywhere."

9

*Harrison*, 16-0178 at p. 3, 219 So.3d at 318 (citing *State v. Nicolosi,* 128 La. 836, 846, 55 So. 475, 478 (1911) (on rehearing)). *See Mock,*18-530 at p. 7, 265 So.3d at 1033 (jurisdictional issue was not waived by defendant's failure to file a motion to quash); *State v. Newton*, 12-510, p. 6-7 (La. App. 3 Cir. 2/13/13), 129 So.3d 11, 15-16.

### *DECREE*

The criminal district court never had jurisdiction to try Ms. Andrews on the charges of indecent behavior with a juvenile pursuant to La. Ch.C. art. 305(A)(1)(a). Additionally, under La. Ch.C. art. 857(A), there was no transfer of jurisdiction with respect to the charge of aggravated rape as required by the statute. Therefore, we find the trial court lacked jurisdiction over Ms. Andrews to try her for the offenses of aggravated rape and indecent behavior with a juvenile. For these reasons, we pretermit discussion of the remaining assigned errors, vacate Ms. Andrews' convictions and sentences, and remand the matter for further proceedings in line with this opinion.

**CONVICTIONS AND SENTENCES VACTED; REMANDED**